IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 5:21-CR-8 |
| | § | JUDGE SCHROEDER |
| CLIFTON PAPE (1) | § | |
| SALLY JUNG (2) | § | |

**INDICTMENT**

**FILED**

THE UNITED STATES GRAND JURY CHARGES:

FEB 1 0 2021

**INTRODUCTION**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

1. On March 13, 2020, President Donald J. Trump declared an emergency under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (Stafford Act; 42 U.S.C. §§ 5121 et seq.) in response to coronavirus disease 2019 (COVID-19). Two weeks later, President Trump signed the Coronavirus Aid, Relief, and Economic Security ("CARES") Act into law. The CARES Act was designed to provide emergency financial assistance to the millions of Americans suffering the economic effects caused by the COVID-19 pandemic.

2. One source of relief provided by the CARES Act was the EIDL program, which was designed to provide assistance to businesses suffering temporary loss of revenue resulting from the pandemic. The EIDL program is overseen by the United States Small Business Administration ("SBA"), which

has authority over all such loans. EIDL loans are processed outside the State of Texas. According to the SBA website (www.sba.gov), the stated purpose of an EIDL loan is "[t]o meet financial obligations and operating expenses that could have been met had the disaster not occurred." EIDL loans are low interest loans and are not forgivable.

3. Under the EIDL program, applicants were eligible for a forgivable advance of up to $10,000 if the applicant had ten or more employees. The advance amount was based on the number of employees reported by a business. An applicant could receive $1000 per employee up to $10,000. The SBA required an applicant to provide specific information at the time the application was made, including the number of employees, revenue, and cost of goods. An EIDL applicant could apply through a third-party processor, which was permitted to charge a reasonable fee.

## COUNT ONE

> Violation: 18 U.S.C. §§ 1349 and 2326
> (Conspiracy to commit telemarketing wire fraud victimizing ten or more persons over the age of fifty-five)

4. Paragraphs 1 through 3 above are realleged and incorporated by reference as though fully set forth herein.

5. Beginning in or before May 2020 and continuing through in or about January 2021, the exact dates being unknown to the Grand Jury, in the

Eastern District of Texas and elsewhere, the defendants, CLIFTON PAPE and SALLY JUNG, along with others, both known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree to violate 18 U.S.C. § 1343, wire fraud, that is to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce any writings, signs, signals, pictures, and sounds for the purpose of executing a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, having done so in connection with the conduct of telemarketing and having victimized ten or more persons over the age of fifty-five and having done so in relation to and involving a benefit authorized, transported, transmitted, transferred, disbursed, and paid in connection with, a presidentially declared major disaster or emergency, as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. § 5122).

## PURPOSE OF THE CONSPIRACY

6.  It was the general purpose of the conspiracy for PAPE and JUNG and their co-conspirators to unlawfully and unjustly enrich themselves by obtaining money from the EIDL program by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

7. The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

   a. PAPE and JUNG operated under the name My Buddy Loans.

   b. PAPE and JUNG falsely represented to others that a $10,000.00 agricultural grant was available from the United States government.

   c. PAPE and JUNG used the internet to transmit EIDL application information from Liberty County, Texas, to a location outside the State of Texas.

   d. PAPE and JUNG submitted EIDL applications that contained false information, including the number of employees.

   e. PAPE and JUNG charged others a fee via a credit or debit card processed through Square.

   f. PAPE and JUNG transferred the fee proceeds from Square to a Wells Fargo Bank account in the name of Working4U Inc. with an account number ending in 9808.

    g.    PAPE and JUNG engaged in the conduct of telemarketing and email marketing.

    h.    PAPE and JUNG victimized ten or more persons over the age of fifty-five.

All in violation of 18 U.S.C. §§ 1349 and 2326.

## COUNTS TWO THROUGH FIVE

Violation: 18 U.S.C. § 1343
(Wire fraud)

8.    Paragraphs 1 through 7 above are realleged and incorporated by reference as though fully set forth herein, as constituting and describing the defendants' scheme and artifice to defraud and to obtain money from the EIDL program by means of materially false and fraudulent pretenses, representations, and promises.

### ACTS IN EXECUTION OF THE SCHEME AND ARTIFICE

9.    On or about the dates listed below, in Liberty County, in the Eastern District of Texas and elsewhere, the defendants, CLIFTON PAPE and SALLY JUNG, acting in concert with each other and others, known and unknown to the Grand Jury, for the purpose of executing the scheme described above, and attempting to do so, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce a signal,

that is, EIDL application information pertaining to the individuals listed below, each transmission constituting a separate count:

| Count | Date | Individual |
|---|---|---|
| 2 | 22-Jun-2020 | T.G. |
| 3 | 25-Jun-2020 | J.B. |
| 4 | 26-Jun-2020 | J.M. |
| 5 | 30-Jun-2020 | T.M. |

All in violation of 18 U.S.C. § 1343.

## COUNTS SIX THROUGH NINE

Violation: 18 U.S.C. §§ 1028A and 2
(Aggravated identity theft and aiding and abetting)

10. Paragraphs 1 through 3 above are realleged and incorporated by reference as though fully set forth herein.

11. On or about the dates listed below, in the Eastern District of Texas and elsewhere, the defendants, CLIFTON PAPE and SALLY JUNG, acting in concert with and aided and abetted by each other and others, known and unknown to the Grand Jury, did, without lawful authority, knowingly transfer, possess, and use, a means of identification of another person, that is the name, Social Security number, and date of birth of the individuals listed below, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, wire fraud, in violation of 18 U.S.C. § 1343, as

alleged in Counts Two through Five, knowing that the means of identification belonged to another actual person:

| Count | Date | Individual |
|---|---|---|
| 6 | 22-Jun-2020 | T.G. |
| 7 | 25-Jun-2020 | J.B. |
| 8 | 26-Jun-2020 | J.M. |
| 9 | 30-Jun-2020 | T.M. |

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
18 U.S.C. §§ 981(a)(1)(C) and 2328 and 28 U.S.C. § 2461(c)

12.  Paragraphs 1 through 9 above are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

13.  Upon conviction of any violation of 18 U.S.C. §§ 1343 or 1349, the defendants, CLIFTON PAPE and SALLY JUNG, shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

14.  Upon conviction of any violation for which an enhanced penalty is provided under 18 U.S.C. § 2326, the defendants, CLIFTON PAPE and SALLY JUNG, shall forfeit to the United States any property, real or personal,

constituting or traceable to gross proceeds obtained from such offense, and any equipment, software, or other technology used or intended to be used to commit or to facilitate the commission of such offense, pursuant to 18 U.S.C. § 2328.

15. The property which is subject to forfeiture, includes but is not limited to the following:

### United States Currency:

The $505,535.04 in United States currency seized on January 12, 2021, from the Wells Fargo Bank account in the name of Working4U Inc. with an account number ending in 9808.

### Cash Proceeds:

A sum of money equal to $175,175.27 in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendants as a result of the offenses alleged in this indictment, for which the defendants are personally liable.

16. Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 18 U.S.C. § 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendants:

    a.    Cannot be located upon the exercise of due diligence;

    b.    Has been transferred, or sold to, or deposited with a third party;

      c. Has been placed beyond the jurisdiction of the Court;

      d. Has been substantially diminished in value; or

      e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the names of CLIFTON PAPE and SALLY JUNG.

    17. By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(3), and 2328 and 28 U.S.C. § 2461(c).

    All pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 2328 and 28 U.S.C. § 2461(c), and the procedures set forth at 21 U.S.C. § 853, as made applicable through 18 U.S.C. § 982(b)(1).

A TRUE BILL

_____
GRAND JURY FOREPERSON

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY

_____     2/10/21
JONATHAN R. HORNOK           Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> v.  § <br> § <br> CLIFTON PAPE (1) § <br> SALLY JUNG (2) § | No. 5:21-CR-___ <br> JUDGE SCHROEDER |

**NOTICE OF PENALTY**

**COUNT ONE**

Violation:  18 U.S.C. §§ 1349 and 2326
(Conspiracy to commit telemarketing wire fraud victimizing ten or more persons over the age of fifty-five)

Penalty:  Imprisonment for not more than thirty years; a fine not to exceed the greatest of $1,000,000, twice the gross gain, and twice the gross loss; and a term of supervised release of not more than five years.

If the offense is connected to the conduct of telemarking or email marketing, then the defendant shall be imprisoned for a term of up to five years in addition to any term of imprisonment imposed under 18 U.S.C. § 1349.

If the offense is connected to the conduct of telemarking or email marketing and the offense victimized ten or more persons over the age of fifty-five or targeted persons over the age of fifty-five, then the person shall be imprisoned for a term of up to ten years in addition to any term of imprisonment imposed under 18 U.S.C. § 1349.

Special Assessment:  $100.00

## COUNTS TWO THROUGH FIVE

| | |
|---|---|
| Violation: | 18 U.S.C. § 1343 (Wire fraud) |
| Penalty: | Imprisonment for not more than thirty years; a fine not to exceed the greatest of $1,000,000, twice the gross gain, and twice the gross loss; and a term of supervised release of not more than five years. |
| Special Assessment: | $100.00 for each count |

## COUNTS SIX THROUGH NINE

| | |
|---|---|
| Violation: | 18 U.S.C. §§ 1028A and 2 (Aggravated identity theft and aiding and abetting) |
| Penalty: | Imprisonment of two years and a fine of $250,000 and a term of supervised release of not more than one year. This sentence is to run consecutively to any other sentence imposed. A person convicted of a violation of this section shall not be placed on probation. |
| Special Assessment: | $100.00 for each count |